IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TRIEU, LLC,                          §
                                     §
            Plaintiff,               §
                                     §
VS.                                  §    Civ. A. H-14-1590
                                     §
LILLIAN LULU NGUYEN AND STEVE        §
NGUYEN D/B/A GOSSIP NAIL, SPA,       §
                                     §
            Defendants.              §

### OPINION AND ORDER

Pending before the Court in the above referenced cause alleging trade dress infringement of Plaintiff Trieu, LLC's nail salons' mark ("Venetian Nail Spa"), false designation of origin, passing off, and dilution under the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution under § 16.103 of the Texas Business and Commerce Code, and trademark infringement and unfair competition under Texas common law by Defendants' operation of two nail salons in Harris County, Texas, is Defendants Hung Nguyen and Lillian Luu's motion for summary judgment and attorney's fees (instrument #8).[1]

### Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] Trieu, LLC acknowledges that through discovery it has learned these are the true and correct names of Defendants and that it must amend its pleading to reflect those names. #9 at p. 1.

entitled to judgment as a matter of law."  A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Allegations of Trieu, LLC's Complaint

Plaintiff owns and operates thirty-two salons in various states, including two in Texas, that provide manicures, pedicures, facials and waxing services.  Since 2005 Plaintiff's nail spa chain, Venetian Nail Spa ("Venetian") has consistently established services in "an elegant Venetian-styled spa environment with specific design elements and themes such as (1) faux sky ceilings; (2) ornate chandeliers, (3) arches and pillars, (4) beige, natural, earth-tone stone finishes, and (5) neutral vanilla walls." #1 at p.3, ¶ 14.  Treiu, LLC alleges that Defendants are the owners of two businesses doing business under the name "Gossip Nail Spa" ("Gossip), located at 11688 Barker Cypress Road, Suite # b4, Cypress, Texas 77433-2788, opened in 2011, and 7751 Barker Cypress Road, Suite 700, Cypress Texas 77433, opened on April 26, 2014, that offer manicures, pedicures, facials and waxing services and use a trade dress confusingly similar, indeed identical, to the Venetian trade dress.  The two Texas Venetian locations, one in Houston and one in Katy, have been open since 2007.

## Defendants' Motion for Summary Judgment (#8)

Defendants claim that they do not own or have any ownership interest in the two salons cited by Plaintiff in Cypress, Texas or in any other nail salons in Cypress, Texas. Each Defendant submits an affidavit stating that he or she is

currently employed at Gossip & Co. Nail Spa located at 7751 Barker Cypress Road, Suite 700, Cypress Texas, but does not own the business.

### Trieu LLC's Response (9)

In addition to Defendants' correct names, Treiu, LLC states with supporting documentation that it has discovered the existence of three business entities that appear to be controlled and/or owned by the individual Defendants:  LULU-NG, LLC, NGUYEN GOSSIPLULU-CO CORPORATION, and LUUHAYLEE-ALANEE CORPORATION.

Charging that Defendants have continuously operated to cloud their operations and hide their identities while their counsel has avoided responding to Plaintiff's requests and efforts to resolve issues raised by the complaint, Trieu, LLC argues that the motion for summary judgment should be denied because it is premature and there are genuine issues of material fact regarding the identities of the infringing entities and individuals with respect to underlying liability.  While initially Plaintiff believed Defendants were operating the allegedly infringing businesses in their individual capacities, new evidence has caused Plaintiff now to believe that the two own and control separate business entities that own the two Gossip entities.  Therefore Trieu LLC now wishes to pursue direct infringement against the business entities and vicarious infringement against  the current Defendants.  Plaintiff provides supporting documentation suggesting that three entities currently do business or have done business as Gossip Nail Spa at 11688 Barker Cypress Road, Cypress,

Texas 77433:  (1) Lulu-NG, LLC, (2) Luuhaylee Corporation, and (3) Gossip Nails Spa, a General Partnership.

### Court's Decision

The Court agrees with Plaintiff that more time should be provided for discovery before this dispositive motion can be resolved fairly.  There is no requirement under Federal Rule of Civil Procedure 56 that discovery take place before a summary judgment may be granted.  *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *United States v. Bloom*, 112 F.3d 200, 205 (5th Cir. 1997).  When a party is not permitted a full and fair opportunity to discover information that is necessary to its opposition to summary judgment, however, a district court's restriction of discovery is reversible error.  *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 719 (5th Cir. 1999)(*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986)), *cert. denied*, 531 U.S. 917 (2000).

Accordingly, the Court

ORDERS that Defendants' motion for summary judgment is DENIED without prejudice to being reurged later in this litigation.

**SIGNED** at Houston, Texas, this  5th  day of March, 2015.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

- 4 -